IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DONEY RICHARDSON,
           Plaintiff,
 

    v.

HYUNDAI CAPITAL AMERICA INC.,
           Defendant.

: 
: 
: 
: 
: 
: 
: 
: 

Civil No.: 5:25-cv-05718-JMG

---

**MEMORANDUM OPINION**

**Gallagher, J.**                                             **April 6, 2026**

## I. BACKGROUND

This case arises from the credit reporting furnished by Defendant to the consumer credit reporting agencies ("CRAs"). Doney Richardson ("Richardson" or "Plaintiff") alleges that Hyundai Capital America ("HCA" or "Defendant") willfully and negligently reported false information concerning Plaintiff's consumer credit history, failed to conduct a reasonable investigation after being notified by the nationwide CRAs of Plaintiff's disputes, and breached its contractual obligations to resolve disputes through binding arbitration. As a result, Plaintiff's credit score allegedly dropped by approximately 33 points in September 2024. According to Plaintiff, Defendant's actions and the corresponding score reduction directly caused Plaintiff's denial of a $140,000 home equity line of credit application with Navy Federal Credit Union in July 2025.

## II. LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

### III. DISCUSSION

#### a.  Violation of the Fair Credit Reporting Act

Plaintiff contends that Defendant's handling of a disputed credit report entry failed to satisfy the requirements of the Fair Credit Reporting Act ("FCRA"). *See Am. Compl.* at 9–11. According to Plaintiff, Defendant's reporting practices and subsequent response to the dispute were inadequate. *Id.*

Defendant counters that the Complaint, as well as the Amended Complaint, are deficient because they rely on the bare assertion that Defendant failed to "conduct a reasonable investigation," while Plaintiff's own factual allegations undermine that conclusion. *See Def.'s Mot. to Dismiss* at 11–12. Defendant argues that Plaintiff acknowledges the disputed late-payment notation was removed from two of the three credit reports following the investigation, which, in

Defendant's view, demonstrates that a reasonable investigation occurred and produced the corrective action Plaintiff sought. *Id.* Defendant further asserts that the remaining agency, Equifax, "unilaterally retained" the disputed information despite receiving the same updated reporting as the other bureaus. *Id*. at 12. On this basis, Defendant contends it cannot be held liable for Equifax's failure to update its file, as the FCRA does not impose liability on furnishers for a CRA's independent reporting decisions. Defendant therefore moves to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

Defendant also argues that Plaintiff's Amended Complaint attempts to manufacture causation by omitting an exhibit that directly refutes Plaintiff's newly asserted theory of damages. *See Def.'s Mot. to Dismiss* at 12. In the Amended Complaint, Plaintiff alleges that his credit application with Navy Feder Credit Union was denied because Defendant's credit score fell below underwriting thresholds. *See Am. Compl.* at 7–8. Yet, Plaintiff's original filing included the denial letter, which stated that the application was denied due to "value or type of collateral not sufficient," not because of any allegedly inaccurate credit information. *See Compl.*, Exhibit H.

Courts are not required to accept as true allegations that are "blatantly contradicted" by the record, including Plaintiff's own exhibits. *See Thompson v. Hens-Greco*, 2017 WL 4542908, at \*5 (E.D. Pa. Sept. 13, 2017) ("Although the Court must liberally construe the … Amended Complaint and take all of Plaintiff's allegations as true, the Court need not accept those allegations where assertions are blatantly contradicted by public records."). Not withstanding Plaintiff's apparent sleight of hand, this Court declines to unsee the actual reason for declination of his credit application.

To state a claim under FCRA § 1681s-2(b), Plaintiff must plead facts supporting a conclusion that Defendant furnished incomplete or inaccurate information to the CRAs. *See*

*Seamans v. Temple University*, 744 F.3d 853, 866-67 (3d Cir. 2014). Plaintiff must further plead that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information. *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 2016 WL 3473345, at *6 (E.D. Pa. June 24, 2016). "Absent allegations of fraud, identity theft, or other issues not identifiable from the face of the records, the furnisher need not do more than verify that the reported information is consistent with the information in its records." *Martin v. Convergent Outsourcing, Inc.*, 2014 WL 866499, at *6 (M.D. Pa. Mar. 5, 2014).

Here, Plaintiff asserts that Defendant failed to conduct a reasonable investigation by failing to review CRA data, failing to provide corrected information, and refusing to produce ACDVs and AUDs reflecting its reporting decisions. These statements are merely legal conclusions that the Court need not accept as true. The factual allegations actually pled by Plaintiff himself belie this conclusion. After receiving notice of the dispute, Defendant responded in a manner that resulted in the removal of the late-payment notation from two of the three CRAs. Those facts weaken any inference that Defendant failed to investigate or that its investigation was unreasonable.

Plaintiff's additional allegation that Defendant's underwriting department approved him for a new lease does not speak to Defendant's statutory duties under § 1681s-2(b) and it does not render the investigation unreasonable. Nor do Plaintiff's allegations establish causation. His own documentation confirms that the adverse credit decision he cites was based on insufficient collateral, not Defendant's reporting.

Plaintiff's allegation that he suffered a 33-point reduction in his credit score does not alter this analysis. Damages must be causally linked to a furnisher's failure to conduct a reasonable

4

investigation. Courts in this Circuit require more than a bare assertion of harm. *See Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 610 (E.D. Pa. 2008) (discussing that plaintiff's injury must be caused by the furnisher's conduct). Here, Plaintiff pleads no facts showing that the alleged score drop was caused by Defendant's investigation rather than by Equifax's independent reporting decision or other factors. Indeed, Plaintiff's own allegations show that Defendant's investigation resulted in the removal of the disputed information from two CRAs, undermining any inference that Defendant's conduct caused the purported score decrease. Because Plaintiff has not plausibly alleged either an unreasonable investigation or damages caused by a violation of § 1681s-2(b), the claim fails as a matter of law and it is therefore dismissed.

### b. Negligence

Defendant argues that Plaintiff's negligence claim is preempted by the FCRA, and the Court agrees. Congress enacted an expansive preemption provision, which bars any state-law requirement or prohibition with respect to the subject matter regulated under § 1681s-2, including a furnisher's duties to provide accurate information and to investigate disputes. *See* 15 U.S.C. § 1681t(b)(1)(F). Courts have repeatedly interpreted this language broadly, holding that state-law tort and contract claims are preempted when the "gravamen" of the claim concerns the reporting or handling of credit information. *See Ross v. FDIC*, 625 F.3d 808, 813–14 (4th Cir. 2010) (holding that claims based on account-handling duties were preempted because the alleged injury was inaccurate reporting); *Shannon v. Equifax Information Servs. LLC*, 764 F.Supp.2d 714, 728 (E.D. Pa. 2011) ("[U]nless a plaintiff alleges willfulness in pursuing its common law claims, the FCRA provides the exclusive remedy."). Because Plaintiff's negligence theory is actionable only to the extent that it challenges inaccurate credit reporting, it "relates to" the subject matter of § 1681s-2 and falls squarely within § 1681t(b)(1)(F).

Section 1681h(e) independently bars the claim, as well. That provision preempts state law negligence claims "with respect to the reporting of information" unless Plaintiff can plead malice of willful intent to injure. Plaintiff alleges no such intent. Instead, he merely alleges inaccurate reporting by Defendant. Courts routinely dismiss negligence claims on this basis alone. *See, e.g., Shannon v. Equifax Information Servs. LLC*, 764 F.Supp.2d 714, 728 (E.D. Pa. 2011) ("Negligence claims are preempted by § 1681h(e)"); *Serfess v. Equifax Credit Information Servs. LLC*, 2015 WL 12818830 at *5 (D.N.J. August 27, 2015) (dismissing a negligence claim where a plaintiff did not allege that the defendant acted with malice or willful intent to injure plaintiff).

Ultimately, Plaintiff's claim is inseparable from Defendant's role as a furnisher and from the reporting of information to CRAs. The FCRA provides the exclusive framework governing such conduct, and Plaintiff's negligence claim is therefore preempted under both § 1681t(b)(1)(F) and 1681h(e). As such, the negligence claim is dismissed with prejudice.

### c. Breach of Contract

Plaintiff advances two distinct theories in support of his breach of contract claim: (1) Defendant breached the lease agreement by failing to close the account after payoff, thereby enabling the appearance of an inaccurate 30-day late payment; and (2) Defendant breached the arbitration clause in the lease by refusing to participate in the American Arbitration Association ("AAA") arbitration that Plaintiff initiated. Defendant argues that both theories are preempted by the FCRA and, alternatively, that Plaintiff has failed to plead the essential elements of the claim. The Court addresses each theory in turn.

### i. "Failure to Close the Account" Theory

To the extent Plaintiff's contract claim is premised on Defendant's alleged failure to close the account after payoff, the claim is preempted by the FCRA. Section 1681t(b)(1)(F) expressly

preempts state law claims "with respect to any subject matter regulated under section 1681s-2," including a furnisher's duties to provide accurate information and to correct inaccuracies. Courts in this Circuit have held that state law claims whose gravamen is inaccurate reporting fall within this preemption provision, regardless of how the claim is labeled. *See Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 542–43 (E.D. Pa. 2015) (holding that state law claims were preempted by the FCRA because the essence of the state law claims was credit reporting); *Ross v. FDIC*, 625 F.3d 808, 812–14 (3d Cir. 2010) (recognizing Congress's intent to create uniform national standards and preempt state law claims challenging the accuracy of credit reporting).

Here, the alleged breach is relevant only because it allegedly resulted in inaccurate credit reporting. The duty Plaintiff seeks to enforce is therefore inseparable from the subject matter of § 1681s-2. Because the theory "relates to" the furnishing of information to CRAs, it is preempted under § 1681t(b)(1)(F). Accordingly, the breach of contract claim is dismissed to the extent it is based on Defendant's alleged failure to close the account after payoff.

### ii.   "Refusal to Arbitrate" Theory

Plaintiff's second theory alleges that the lease agreement drafted by Defendant contained an arbitration clause requiring the resolution of disputes to be handled before the AAA. Unlike Plaintiff's first theory, in which he challenges conduct intertwined with the furnishing of information, the breach of contract claim here arises from a wholly independent contractual obligation: Defendant's agreement to arbitrate disputes under the lease it drafted.

The Amended Complaint alleges that the lease contained an arbitration clause requiring both parties to resolve disputes before the AAA. *See Am. Compl.* Plaintiff invoked that clause, filed a demand for arbitration, and paid all required fees. Defendant, however, allegedly refused to pay its share of the arbitration costs, resulting in the AAA's dismissal of the proceeding. *See Am.*

7

*Compl.* Plaintiff contends that this refusal constitutes a breach of the arbitration agreement and was undertaken in bad faith to delay resolution of the dispute and to force Plaintiff into a more burdensome forum. *See Pl.'s Opp. to Def.'s Mot. to Dismiss* at 5.

This theory does not implicate any duty regulated by the FCRA. Section 1681s-2 governs the accuracy and handling of information furnished to CRAs. It does not regulate arbitration agreements, or the parties' conduct in contractual dispute-resolution processes. A breach of an arbitration clause may be complete upon a party's refusal to participate in arbitration, and that breach exists independently of any credit-reporting activity. In other words, Defendant's refusal to participate in arbitration is a litigation decision, not a reporting decision, and the alleged breach exists without reference to any credit-reporting activity. The FRCA does not preempt such claims.

Nor is the claim insufficiently pled. Defendant argues that Plaintiff has not identified any essential contractual term that was breached and that the failure to pay arbitration fees is not a material breach. The Court is not persuaded by that argument. Plaintiff alleges the existence of a valid contract, identifies a specific contractual obligation, describes Defendant's refusal to comply with that obligation, and alleges resulting damages. He alleges that the lease agreement drafted by Defendant contained an arbitration clause requiring both Plaintiff and Defendant to resolve disputes before the AAA. He further alleges that he invoked that clause by filing an arbitration demand and paying all required fees, but that Defendant refused to pay its share, resulting in the AAA's dismissal of the proceeding. These allegations identify a specific contractual provision (the arbitration clause), describe the manner in which Defendant allegedly breached that provision, and assert damages flowing from that breach, including delay, additional expense, and the "loss of the bargained-for arbitration process." *Am. Compl.*, at 12.

At the pleading stage, this is sufficient. To state a claim for breach of contract under Pennsylvania law, a plaintiff must only allege the existence of a contract, a breach of a duty imposed by the contract, and damages resulting from that breach. *Krekstein v. McDonald's Corp.*, 550 F. Supp. 3d 216, 220 (E.D. Pa 2021). Plaintiff has done so. Whether Defendant's refusal to pay its arbitration fees constitutes a "material" breach is a fact-intensive inquiry not appropriate for resolution at this stage. Plaintiff's allegations, taken as true, plausibly state such a breach. Accordingly, to the extent it is based on Defendant's refusal to arbitrate under the lease agreement, the breach of contract claim will survive.

### d.  Bad Faith

Plaintiff also asserts a separate cause of action for "willful/bad faith conduct," alleging that Defendant acted in bad faith in its credit-reporting conduct and in its refusal to participate in arbitration. This claim must be dismissed because Pennsylvania law does not recognize an independent common law cause of action for bad faith. Courts have made clear that, outside the insurance context, there is no standalone tort of bad faith. *See Lockett v. Selective Ins. Co. of the Southeast*, 2025 WL 1094130 (W.D. Pa. April 11, 2025) ("Notably, no common law tort remedy exists for bad faith"); *Allegheny Valley Joint Sewage Auth. V. The American Ins. Co.*, 1995 WL 1944748 (W.D. Pa. 1995) ("Pennsylvania courts have refused to recognize a tort action for bad faith… outside the insurance context").

Because Pennsylvania does not recognize a common-law bad faith claim in this setting, Plaintiff cannot maintain a separate cause of action for bad faith or willful misconduct based on Defendant's alleged conduct. Therefore, to the extent that Plaintiff seeks punitive damages on this theory, such relief is likewise unavailable absent an independent tort, which is not present here. Accordingly, the bad-faith claim is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied in part. Out of an abundance of caution and to afford Plaintiff a sufficient opportunity to put forward his claims as a *pro se* litigant, the Court will permit Plaintiff an opportunity to amend the Complaint as to Plaintiff's claim under the Fair Credit Reporting Act. Accordingly, no later than April 20, 2026, Plaintiff shall file an Amended Complaint succinctly stating what claims he is making under the FCRA and a brief summary of the facts supporting such claims. Failure to do so will result in a dismissal of this claim with prejudice.

In addition, Plaintiff's negligence claim, his breach of contract theory premised on Defendant's alleged failure to close the account after payoff, and his standalone bad-faith claim are all dismissed with prejudice. The Motion is denied, however, as to Plaintiff's breach of contract claim based on Defendant's refusal to arbitrate under the lease agreement.[1] That arbitration-based contract theory is the sole remaining claim and will proceed to discovery. An appropriate Order follows.

BY THE COURT:

/s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

[1] Should Plaintiff succeed in adequately pleading a viable FCRA claim, his remaining breach of contract claim premised on Defendant's alleged refusal to arbitrate may proceed in this Court pursuant to supplemental jurisdiction. However, if Plaintiff's FCRA claims fail at the pleading stage, Plaintiff should be prepared to advise the Court what independent basis for federal jurisdiction, if any, would remain to support adjudication of the contract claim.