**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONEY RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI CAPITAL AMERICA d/b/a KIA FINANCE AMERICA,<br><br>Defendant. | Civil Action No. 5:25-cv-05718-JMG |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Doney Richardson and Defendant Hyundai Capital America d/b/a Kia Finance America (collectively, the "Parties"), recognizing that discovery in this action may involve the production or disclosure of confidential, proprietary, private, or commercially sensitive information, stipulate and agree, subject to approval of the Court, as follows:

**1. Scope**

This Protective Order governs documents, electronically stored information, deposition testimony, discovery responses, and other information produced or disclosed during discovery in this action that a producing party or non-party reasonably and in good faith designates as "CONFIDENTIAL."

Nothing in this Order shall be construed as requiring the production of information otherwise protected from discovery or as altering any party's rights or obligations under the Federal Rules of Civil Procedure.

**2. Confidential Information**

A producing party may designate material "CONFIDENTIAL" when it reasonably and in good faith believes the material contains non-public information entitled to protection, including proprietary business information, confidential commercial information, internal policies or

procedures not generally available to the public, personal identifying information, financial information, or other information for which protection from public disclosure is warranted.

A designation shall be limited to material that the designating party reasonably believes qualifies for protection and shall not be made indiscriminately.

**3. Method of Designation**

Documents may be designated by marking each document or appropriate portion thereof "CONFIDENTIAL." For electronically stored information that cannot conveniently be marked, the producing party may identify the material as confidential in the production correspondence or by other reasonable means.

Deposition testimony may be designated confidential on the record during the deposition or by written notice identifying the designated portions within fourteen (14) days after receipt of the transcript.

**4. Use of Confidential Material**

Confidential material shall be used solely for purposes of prosecuting, defending, or resolving this action, including discovery, motions, settlement discussions, trial, and any appeal, and shall not be used for any unrelated business, commercial, personal, or other purpose.

**5. Persons Permitted Access**

Unless otherwise ordered by the Court or agreed by the Parties, confidential material may be disclosed only to:

(a) the Court and Court personnel;

(b) the Parties;

(c) counsel of record and their employees or contractors whose assistance is reasonably necessary for this litigation;

(d) witnesses or prospective witnesses where disclosure is reasonably necessary for

preparation or testimony;

(e) retained experts or consultants whose assistance is reasonably necessary for this litigation;

(f) court reporters, videographers, interpreters, mediators, arbitrators, and other persons involved in proceedings in this action; and

(g) any other person upon written agreement of the Parties or order of the Court.

Prior to providing Confidential Information to any person designated in subsections (d), (e), or (g) above, the party seeking to share the Confidential Information shall be responsible for obtaining prior written agreement by the person(s) to be bound to the terms of this Order and secure signature of any such recipient on a copy of Attachment “A” to this Order. No person receiving material designated as Confidential Information shall disclose it or its contents to any person other than those described in this Paragraph. In the event that a person to whom a party seeks to disclose Confidential Information refuses to agree to be bound by this Stipulated Protective Order, the party shall notify the Producing Party and attempt to informally resolve the issue. Should the parties fail to reach an informal resolution, then the party seeking disclosure of the Confidential Information may seek relief from the Court.

In the event that any of the foregoing persons ceases to be engaged in the participation in this action, access by such person(s) to material designated as Confidential Information shall be terminated. Any such material in the possession of any such person(s) shall be returned or destroyed. The provisions of this Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

Nothing in this Order prevents a person from possessing, using, or disclosing information that the person lawfully possessed independently of discovery in this action.

**6. Challenges to Confidentiality Designations**

A party may challenge a confidentiality designation at any time by providing written notice identifying the material challenged and the basis for the challenge. The Parties shall confer in good faith in an effort to resolve the dispute. If the dispute cannot be resolved, the receiving party may seek appropriate relief from the Court. The designating party shall bear the burden of establishing that the challenged material is entitled to protection. Until the dispute is resolved by agreement or Court order, the challenged material shall continue to be treated as confidential.

**7. Filing Confidential Material With the Court**

Designation of material as "CONFIDENTIAL" does not, by itself, authorize filing the material under seal. Any party seeking to file confidential material under seal shall comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable practices or orders of the Court concerning sealing. Nothing in this Protective Order creates a presumption that designated material satisfies the legal standard for sealing judicial records.

**8. Use at Hearings or Trial**

This Order does not automatically require that confidential material introduced at a hearing or trial remain confidential or under seal. If a party seeks protection for confidential material in connection with a hearing or trial, the party may request appropriate relief from the Court.

**9. Inadvertent Disclosure and Privilege**

The inadvertent production of attorney-client privileged, work-product-protected, or otherwise protected material shall not, by itself, constitute a waiver of the applicable privilege or protection. Upon notification of a claim of privilege or protection, the receiving party shall comply with Federal Rule of Civil Procedure 26(b)(5)(B). Nothing in this paragraph alters the Parties' rights under Federal Rule of Evidence 502 or any applicable law concerning waiver.

**10. Unauthorized Disclosure**

If confidential material is disclosed to a person not authorized to receive it under this Order, the party responsible for or learning of the disclosure shall promptly notify the designating party and take reasonable steps to prevent further unauthorized disclosure.

**11. Subpoenas or Other Legal Process**

If a receiving party receives a subpoena or other legal process requiring disclosure of material designated confidential by another party, the receiving party shall, to the extent legally permitted, promptly notify the designating party so that the designating party may seek appropriate relief. Nothing in this provision requires violation of a subpoena, court order, or other legal obligation.

**12. No Admission or Waiver**

Neither entering into this Order nor designating, accepting, or challenging material as confidential constitutes an admission concerning the relevance, admissibility, discoverability, authenticity, or confidentiality of any material.

Nothing in this Order waives any objection that otherwise may be asserted in discovery or at trial.

**13. Conclusion of Litigation**

Within sixty (60) days after the final conclusion of this action, including any appeal, a producing party may request the return or destruction of material it designated confidential.

The receiving party shall return or destroy such material upon request, except that counsel and a pro se party may retain one archival copy of pleadings, motion papers, deposition transcripts, exhibits, correspondence, attorney or litigation work product, and other materials reasonably necessary to preserve a record of the litigation.

Any retained confidential material shall remain subject to this Order.

**14. Modification and Court Authority**

Nothing in this Order limits any party's right to seek modification of its terms or any other appropriate protective relief.

The Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

**15. Continuing Effect**

The obligations imposed by this Order concerning confidential material shall survive the final disposition of this action unless otherwise ordered by the Court.

**STIPULATED AND AGREED:**

For Plaintiff:

*/s/ Doney Richardson*
(with email permission)
Doney Richardson
Plaintiff, Pro Se
Date: October 1, 2026

For Defendant Hyundai Capital America:

*/s/ John E. Joesph*
John E. Joseph, Esq.
Counsel for Defendant
Date: October 1, 2026

**ORDER**

AND NOW, upon consideration of the Parties' foregoing Stipulated Protective Order, it is hereby ORDERED that the Stipulated Protective Order is APPROVED and ENTERED on this 13th day of October, 2026.

BY THE COURT:

/s/ John M. Gallagher
JOHN M. GALLAGHER, J.

**ATTACHMENT A**

AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, ________________________ [Name – Print or Type], have been given and read a copy of the Stipulated Protective Order, dated _________________, in the matter of *Doney Richardson* v. *Hyundai Capital America.,* Case No. 5:25-cv-05718-JMG, pending in the United States District Court of the Eastern District of Pennsylvania. I understand and will strictly adhere to the contents of said Order. I understand that produced material disclosed to me is subject to the Order of the Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said Order. I understand that unauthorized disclosure of the stamped confidential documents may constitute contempt of court and agree to be subject to personal jurisdiction of the Court in this matter for the purpose of enforcing my obligations under this Agreement, the Order, and any contempt proceeding that may be instituted for alleged violation thereto. I understand also that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said Order, is a prerequisite to my review of any produced document and materials.

_____________________________________

[Name]